IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMMY L. HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-06097-CV-DW |
| | ) |
| PARKVILLE CITY | ) |
| POLICE DEPARTMENT, | ) |
| DUSTIN KIRSHNER, | ) |
| RON CANADY, | ) |
| and JOHN MOYER | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 1). For the following reasons, the Motion to Proceed *In Forma Pauperis* is DENIED.

The process for determining whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). Id. If the plaintiff qualifies by economic status, then the court grants the application to proceed *in forma pauperis*, but must also immediately decide whether the action must be dismissed because it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against a party immune from such damages. 28 U.S.C. § 1915(e)(2)(B); Martin-Trigona v. Stewart, 691 F.2d at 857.

A court may "authorize the commencement ... of any suit ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In analyzing plaintiff's economic status,

the Court considers that court fees and costs should not "cause the applicant to give up the basic necessities of life." Local Rule 83.7(4).

Here, Plaintiff's affidavit of financial status indicates that she is unemployed and receives a monthly income of $450.00 in the form of Social Security benefits. Plaintiff's monthly expenses include $670.00 for rent and $277.00 for monthly utilities. In addition, Plaintiff owes $13,000.00 on her car and makes monthly car payments of $300.00. Plaintiff indicates she does not own real property. After consideration of these facts, the Court is convinced that Plaintiff will be deprived of the "basic necessities of life" if she is required to pay the fees and costs to proceed with this suit. Therefore, Plaintiff's economic status qualifies her to proceed *in forma pauperis*.

Having found that the Plaintiff's financial status qualifies for *in forma pauperis* status, the Court must determine whether this action must be dismissed because it is frivolous or malicious, fails to state a claim, or demands money damages of an immune defendant. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis either in law or in fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989).

An *in forma pauperis* plaintiff's factual allegations must be weighed in favor of the plaintiff. Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Weighing all allegations in favor of the Plaintiff, the Court finds Plaintiff's complaint to be non-colorable.

Plaintiff's claim is against the Parkville City Police Department and it's employees Dustin Kirshner, Ron Canady, and John Moyer. To the extent that Plaintiff alleges mistreatment of her son, Gary Moore, who was at the time of filing, at least 18 years of age, Plaintiff lacks standing. An individual may not bring a claim on behalf of another individual. A plaintiff

"generally must assert [her] own legal rights and interests, and cannot rest [her] claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

It is unclear what Plaintiff's individual claim is against the Defendants. To the extent that Plaintiff complains that Officer Kirschner told her to "shut up" and that Detective Carnady was "very unprofessional," such a claim cannot be the basis of a civil action for deprivation of constitutional rights under §1983. Lanigan v. Village of East Hazel Crest, 913 F. Supp. 1202, 1207 (N.D. Ill. 1996) ("[T]reating a citizen discourteously...though not condoned by this court, [is] not [a] constitutional violation[]."). Plaintiff has not otherwise alleged that the Defendants have violated her statutory or constitutional rights. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

For the forgoing reasons Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: November 22, 2005